# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID ROWLEY,**
        **Plaintiff,**

       **v.**                                                                               **Case No. 11-CV-00046**

**UNION PACIFIC RAILROAD COMPANY,**
        **Defendant.**

---

## DECISION AND ORDER

Plaintiff David Rowley brings this action against defendant Union Pacific Railroad Company seeking damages under the Federal Employers' Liability Act (the "FELA"), 45 U.S.C. § 51, for injuries plaintiff sustained while working for defendant. Defendant moves for summary judgment on the ground that plaintiff's claim is time-barred under the FELA's three-year statute of limitations. Plaintiff filed this action on January 18, 2011. Thus, I must determine whether his claim accrued before or after January 18, 2008.

The relevant facts are as follows: Plaintiff worked for defendant as a carman from 1974 to 2009. On November 17, 1998, plaintiff saw a physician. It is unclear whether plaintiff sought out the physician specifically for pain in his hands and shoulders or for an unrelated reason. Regardless, plaintiff informed the physician that he had been performing a physical job for a railroad for 25 years, and the physician's examination revealed tenderness and swelling in plaintiff's joints. The physician took x-rays of plaintiff's hands and shoulders, and the x-rays showed that he was suffering from mild osteoarthritis that was interpreted as "consistent with the patient's age." (Def.'s Resp. to Pl.'s Add'l Findings

of Fact ¶ 5, ECF No. 31.) Osteoarthritis is degeneration of the cartilage in a person's joints. The physician prescribed medicine to treat plaintiff's condition.

On April 1, 1999, plaintiff signed a medical history form that stated he was being treated by a physician for osteoarthritis, was taking medication and had stiff or painful muscles or joints that inhibited his activity. It is unclear how long after April 1999 plaintiff continued to be prescribed or take medication for osteoarthritis. And, other than being described as "mild degenerative arthritis," there is no indication in the record of how severe the problem with plaintiff's hands was or whether his pain was consistent or intermittent. (*See* Pl.'s Response to Def.'s Statement of Facts ¶ 2, ECF No. 22.) From December 1998 until June 2008, there is no record of any medical visit, care or treatment for plaintiff's hands, and plaintiff claims he never missed any work on account of pain in his hands.

In the summer of 2008, plaintiff noticed he had pain in his hands that would not go away and began to suspect that it was work related. On August 13, 2008, he sought medical attention for his hands and had x-rays taken. The x-rays showed that plaintiff was suffering from erosive osteoarthritis, which is much more aggressive than most common osteoarthritis. Erosive osteoarthritis involves the eating away of the bone itself rather than simply wear and tear on the cartilage in a joint. Plaintiff underwent occupational therapy evaluations on February 20 and 23, 2009, during which he reported he had his hand condition all 35 years he was employed by defendant. On July 29, 2009, the Railroad Retirement Board ordered plaintiff to be examined by one of its physicians. The physician concluded that plaintiff's job was a cause of his osteoarthritis and declared plaintiff permanently disabled from working as a carman.

The FELA allows railroad employees who are injured on the job as a result of the railroad's negligence to sue their employer for damages. *See* 45 U.S.C. § 51. In his complaint, plaintiff alleges that defendant caused the injury to his hands by requiring him to perform repetitive wrist and hand motions, to deviate his hand and wrist joints, to use his hand and wrist joints forcefully and to use equipment that vibrated.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering defendant's motion for summary judgment, I view the evidence in the light most favorable to plaintiff as the non-moving party and may grant the motion only if no reasonable juror could find for plaintiff. *Ferraro v. Hewlett Packard Co.*, 721 F.3d 842, 847 (7th Cir. 2013).

The FELA states that "[n]o action shall be maintained . . . unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. "When the specific date of injury cannot be determined because an injury results from continual exposure to a harmful condition over a period of time, a plaintiff's cause of action accrues when the injury manifests itself." *Green v. CSX Transp., Inc.*, 414 F.3d 758, 763 (7th Cir. 2005). More specifically, "a cause of action accrues . . . when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Fries v. Chi. & Northwestern Transp. Co.*, 909 F.2d 1092, 1095 (7th Cir. 1990). This rule imposes an affirmative duty on a plaintiff to investigate the potential cause of an injury. *Id.* Thus, I must grant defendant's motion for summary judgment if the undisputed facts show that plaintiff had actual knowledge of his injury and its cause prior to January

18, 2008, or that a reasonably diligent person in plaintiff's position would have known the essential facts of injury and cause. *Id.*

I conclude that there is a genuine issue of material fact as to when plaintiff's cause of action accrued. The evidence, when construed in the light most favorable to plaintiff, proves only that he saw a physician in 1998 and complained of minor, intermittent pain in his hands. In response, the physician took x-rays of his hands and interpreted those x-rays as showing damage to his finger joints that was consistent with his age. The physician prescribed medicine to treat plaintiff's pain, but after that plaintiff did not seek any further medical treatment or experience any limitations at work as a result of his hands for almost ten years. A jury could find that this isolated incident in 1998 was not enough to put plaintiff on notice that he must immediately sue his employer for an injury or forever lose his right to do so. The Seventh Circuit has held that, unlike "extreme, chronic pain," minor, intermittent pain is not sufficient "to put a reasonable person on notice that [he] had suffered a cognizable injury and must sue or risk losing [his] right to do so." *Green*, 414 F.3d at 764. Moreover, there is evidence in the record that suggests the condition plaintiff was diagnosed with in 2008 that led to the present lawsuit was different from the condition he was diagnosed with in 1998. In 1998, a physician found that plaintiff had mild osteoarthritis involving damage to the cartilage in his joints, but in 2008 he was diagnosed with erosive osteoarthritis involving damage to his bones. Based on this evidence, I conclude that plaintiff is entitled to have a jury decide whether a reasonably diligent person in plaintiff's circumstances would have realized that he was injured and that his injury was work related in November 1998.

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment (Docket #15) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2014.

                                                  s/ Lynn Adelman
                                                  _____
                                                  LYNN ADELMAN
                                                  District Judge